OPINION *
ROTH, Circuit Judge.
James Luciani appeals two orders of the District Court, one granting summary judgment to the City of Philadelphia and two individual defendants and the other denying Luciani’s motion for leave to amend his complaint. For the reasons set forth below, we will affirm both orders.
I.
Luciani worked for the City of Philadelphia for twenty-three years before being terminated in July 2008. Luciani was formally terminated for residing in New Jersey, in violation of Philadelphia’s Civil Service Regulations requirement that he live in Philadelphia.[1] On June 17, 2010, Lucia-ni filed this Section 1983 action, alleging that his. termination was actually a result of his blowing the whistle on corruption in the City’s Board of Revision of Taxes (BRT), and that he was being retaliated against in violation of the First Amendment. Luciani maintains that he has always lived in Philadelphia and that the charge that he lived in New Jersey was pretext for his termination. Luciani also alleges that he was denied due process because the outcome of his “sham” pre-termination hearing was predetermined.
In Luciani’s initial complaint, he alleged only his whistleblowing and his allegedly pretextual termination. On January 27, 2012, after the close of discovery, Luciani moved to amend his complaint. The proposed amended complaint (PAC) adds allegations of a conspiracy between two FBI agents, Brian Nichilo and Raymond Manna, and a contractor with the City’s Office of Inspector General (OIG), Thomas Steel. Luciani asserts that he did not uncover evidence of the conspiracy until late in discovery, despite the names of all three purported conspirators appearing in the *111 City’s initial disclosures and all three being deposed at least five months before Luciani’s motion for leave to amend his complaint. Nichilo and Steel allegedly manufactured evidence regarding Lucia-ni’s residence, including an allegedly fabricated confession from Luciani that he lived in New Jersey, and brought Manna into the scheme to act as a false witness. According to Luciani, the goal of the alleged conspiracy was to use the threat of exposing Luciani’s living outside the City, which could result in his termination, to extract from Luciani incriminating information about Vincent Fumo, a former state senator later convicted of corruption. The FBI/OIG investigation ultimately led to Luciani’s dismissal for failing to maintain a residence within the City of Philadelphia.
II.[2]
The District Court denied Luciani’s motion for leave to amend his complaint and granted summary judgment to the City. As counsel noted at oral argument, a finding that leave to amend should have been granted would make this matter “a completely different case.” For that reason, we will address Luciani’s motion for leave to amend before turning to the District Court’s grant of summary judgment.
We review the District Court’s denial of leave to amend for abuse of discretion.[3] Under Federal Rule of Civil Procedure 15(a)(2), a “court should freely give leave when justice so requires.”[4] While “[a] district court may deny leave to amend a complaint where it is apparent from the record that ‘(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party,’ ”[5] “delay alone is an insufficient ground to deny leave to amend.”[6]
The District Court did not abuse its discretion in denying Luciani’s motion for leave to amend his complaint. Lueiani had access to the OIG report containing the allegedly false information and knowledge of the FBI and OIG personnel involved prior to filing his suit. The complete file was provided to Luciani, again, as part of the City’s disclosures in this matter, as were the names of the FBI special agents involved. The facts on which Luciani’s proposed Bivens claim rests were well known to him, at the very least, by September 2011, when he had completed deposing the relevant witnesses and had reviewed the OIG file. Yet, despite ample time remaining in the discovery period to file a motion to amend, Luciani did not so move until after discovery had closed. The District Court’s finding of unexplained delay was, therefore, not an abuse of discretion.
Nor was the District Court’s finding of undue prejudice to the defendants based merely on the delay. “[P]rejudice to the non-moving party is the touchstone for denial of an amendment,”[7] and we have found previously that changing the legal *112 and factual basis of a claim can create undue prejudice.[8] As previously noted, Luciani’s motion for leave to amend purported to add new legal bases for relief as well as new defendants who were previously merely potential witnesses. Far from being a change that resulted in “no additional discovery, cost, and preparation to defend against new ... theories,”[9] granting Luciani’s motion would have resulted in the re-opening of discovery and substantial additional motions practice to accommodate the new defendants and allegations. One need look no further than Luciani’s own counsel’s assessment that the amended complaint would have been “a completely different case” in order to see the obvious prejudice that would have resulted from allowing amendment at the eleventh hour. Consequently, we conclude that the District Court did not abuse its discretion in denying Luciani’s motion for leave to amend.
Turning to the merits of the complaint, Luciani contends that he was denied his constitutionally guaranteed procedural due process in the loss of his property interest in his public employment because his pre-termination hearing was a “sham.” This argument is unavailing. While some kind of pre-termination proceeding is necessary before a public employee is terminated, this proceeding may be relatively informal and need not be conducted by an unbiased factfinder or the ultimate decision-maker.[10] The proceeding need only advise the employee of the charges against him, provide a general explanation of the employer’s evidence, and give the employee an opportunity to make a case on his own behalf.[11] If the Commonwealth provides adequate post-termination proceedings, with an appropriately neutral decision-maker empowered to rectify any errors, the employee’s rights to procedural due process are preserved.[12]
Luciani’s contention that the pre-termination hearing to which he was subjected had a predetermined outcome is ultimately immaterial to his procedural due process claim. He admits that he had a union grievance and civil service procedure to which he could resort after the pre-termination proceeding found against him. He also admits that he did not complete the post-termination proceeding because he did not want to wait for its results. Since Luciani failed to avail himself of the available, constitutionally sufficient avenues for relief, his procedural due process claim must fail.[13]
Luciani’s reliance on our decisions in Alviri v. Suzuki[14] and Schmidt v. Creedon[15] for the proposition that a pre-termination proceeding can be so infected with bias as to render any post-termination relief inadequate is misplaced. In Alvin, we held that a university professor’s failure to follow the university’s grievance procedure eliminated any procedural due process claim and the burden is on the public employee to follow the appropriate procedures.[16] Far from supporting Luciani’s case, Alvin favors the result reached by *113 the District Court. Luciani similarly failed to follow through on his right to a post-deprivation proceeding before an impartial decision-maker.
Schmidt offers no support for Luciani’s position and is inapposite. In Schmidt, we held that, absent extraordinary circumstances, some form of pre-deprivation proceeding was necessary before suspending an employee from a position in which he had a property interest, even if constitutionally adequate post-deprivation proceedings are available.[17] The critical fact in Schmidt was the absence of any pre-de-privation proceeding.[18] Here, there is no dispute that Luciani was given a pre-ter-mination hearing. Instead, Luciani’s complains that the hearing’s outcome was predetermined and his claims were rejected. Merely rejecting an employee’s claims at a pre-termination proceeding is not a constitutional violation, so long as adequate post-termination remedies exist to satisfy procedural due process.[19] Thus, we will affirm the District Court’s grant of summary judgment to the City on Luciani’s procedural due process claims.
Luciani’s substantive due process claim fails because Luciani’s property interest in his public employment is not subject to substantive due process protection.[20] Without a protected property interest, there can be no substantive due process claim, as the District Court correctly held. We will affirm the District Court’s grant of summary judgment to the City on -Luciani’s substantive due process claim.
As for Luciani’s First Amendment retaliation claim, the District Court held that Luciani had engaged in protected speech by complaining about alleged corruption in his office to the City Controller, but that he had failed to offer proof that this speech was a factor in his termination.' Luciani contends that his own perception of increased “antagonism” from his supervisors, combined with his recollection of conversations with other City employees, is sufficient to raise an issue of material fact for trial. It is not. At the summary judgment stage, it is axiomatic that ■ a plaintiff must come forward with some affirmative evidence to support his claim.[21]
Nor can Luciani rely on perceived deficiencies in his pre-termination proceedings as evidence of a retaliatory motive: he has offered no evidence that these perceived deficiencies, such as declining to produce to him a full, confidential OIG report until after the pre-termination hearing, were motivated by his whistle-blowing statements. Indeed, Luciani argues that a “rogue agent” of law enforcement, apparently miffed at Luciani’s lack of knowledge about an investigation Luciani did not have knowledge about, included allegedly false information in the OIG report that the City later relied upon in his pre-termi-nation proceeding. If Luciani’s theory is correct, the OIG report would have eventually led to the termination proceedings regardless of whether Luciani had spoken to the Controller, an outcome the District Court noted was corroborated by deposition testimony. The ten month interval between Luciani’s statements to the Controller in September 2007 and his pre-termination proceedings in July 2008 also militates against a finding of causation *114 based solely on temporal proximity.[22] Consequently, we will affirm the District Court’s grant of summary judgment to the City on Luciani’s First Amendment retaliation claims.
III.
For the reasons stated above, we will affirm the two orders of the District Court.

 This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

. See Phila. Civ. Serv. Regs. § 30.01.

. The District Court had jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C, § 1291.

. United States ex rel. Schumann v. Astrazeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir.2014).

. Fed.R.Civ.P. 15(a)(2).

. Schumann, 769 F.3d at 849 (quoting Lake v. Arnold, 232 F.3d 360, 373 (3d Cir.2000)).

. Cureton v. Nat'l Collegiate Athletic Ass’n, 252 F.3d 267, 273 (3d Cir.2001).

. Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) (quoting Cornell & Co., Inc. v. Occupational Safety & Health Rev. Comm’n, 573 F.2d 820, 823 (3d Cir.1978)).

. See Cureton, 252 F.3d at 273.

. Id.

. McDaniels v. Flick, 59 F.3d 446, 460 (3d Cir.1995).

. Id. at 454.

. Id. at 460.

. See Dykes v. SE Penn. Transp. Auth., 68 F.3d 1564, 1572 (3d Cir.1995); McDaniels, 59 F.3d at 460.

. 227 F.3d 107 (3d Cir.2000).

. 639 F.3d 587 (3d Cir.2011).

. 227 F.3d at 117.

. 639 F.3d at 589-90.

. Id. at 597.

. See McDaniels, 59 F.3d at 456 n. 5.

. Nicholas v. Penn. State Univ., 227 F.3d 133, 142 (3d Cir.2000),

. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

. Marra v. Phila. Hous. Auth., 497 F.3d 286, 303 n. 14 (3d Cir.2007) (noting it is "undoubtedly correct” that a nine month lapse in time between First Amendment conduct and alleged retaliatory act is insufficient evidence, standing alone, from which to infer causation).